UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC DWAYNE VENTRESS,

                Plaintiff,

   v.

WHATCOM COUNTY JAIL, *et al.*,

                Defendants.

Case No. C15-299 JLR-BAT

**REPORT AND RECOMMENDATION**

In this 42 U.S.C. § 1983 civil-rights action, Plaintiff Eric Dewayne Ventress names the Whatcom County Jail and Officer Kyle O'Connor as defendants. He alleges that Officer O'Connor sexually assaulted him during a strip search and that the incident has been "covered up" by Whatcom County officials. He seeks $1.5 million in damages. Dkt. 5. The Court recommends that Plaintiff's motion for summary judgment be denied.

## BACKGROUND

In his sworn complaint, Mr. Ventress alleges that on August 6, 2014, Officer Kyle O'Connor sexually assaulted him during a strip search. He also alleges that Whatcom County officials have actively covered up the incident. Dkt. 5.

In his unsworn motion for summary judgment, Mr. Ventress states that shortly after he was allegedly assaulted by Officer O'Connor, Officer O'Connor was arrested "in an unrelated crime/incident involving trying to procure/elicit sex from underage persons" and that he was a

REPORT AND RECOMMENDATION - 1

part of a "sadistic sex ring" in Skagit County. Dkt. 18, p. 2. He also states that he filed a police report on October 14, 2014 and that the matter was investigated by Detective Erich Francis. *Id*., p. 3. Mr. Ventress contends that this Court should resolve his case based on facts and evidence presented without further pretrial proceedings or orders. *Id*.

On April 22, 2015, the Court entered a Pretrial Scheduling Order. Dkt. 17. Consistent with that Order, the deadlines for the completion of discovery and for the filing of dispositive motions do not expire until October 23, 2015 and December 18, 2015, respectively. *Id.*

## DISCUSSION

Summary judgment is to be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this way, the summary judgment vehicle serves "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Courts apply a burden-shifting analysis in determining summary judgment. Where, as here, the non-moving party bears the burden of proving the claim at trial, the moving party can meet its initial burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (1) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp*., 477 U.S. at 323–24; Fed.R.Civ.P. 56(c)(1).

If the moving party meets its initial responsibility, the burden shifts to the opposing party to produce sufficient evidence to establish that a genuine dispute as to a material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct.

REPORT AND RECOMMENDATION - 2

1348, 89 L.Ed.2d 538 (1986). Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (internal citations omitted).

Mr. Ventress' motion for summary judgment is based solely on his unsworn and unsubstantiated statements that shortly after the alleged assault, Officer O'Connor was arrested in an unrelated incident and that Mr. Ventress filed a police report that was investigated by a Detective Francis. Mr. Ventress provides no evidence to support these statements nor is it clear how these events are related to the claims underlying his complaint in this lawsuit. Mr. Ventress presents no undisputed facts as to his claims and the record is devoid of any evidence on which a jury could reasonably find for Mr. Ventress with regard to the strip search at issue herein. There is no legal basis to grant summary judgment at this time.

Mr. Ventress also argues that this Court should resolve his case based on the facts and evidence presented without pretrial motions or orders. As has been already noted, there are no undisputed facts or evidence upon which summary judgment can be granted. The Court's Pretrial Scheduling Order (Dkt. 17) remains in effect.

## CONCLUSION

Plaintiff has presented no undisputed facts and offers no legal basis to support his motion for summary judgment. The Court recommends that Plaintiff's motion for summary judgment (Dkt. 18) be **DENIED.**

Any objections to this Recommendation must be filed and served upon all parties no later

than **Monday, June 23, 2015.** The Clerk should note the matter for **Wednesday, June 24, 2015,** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 1st day of June, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4