UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC DWAYNE VENTRESS,

Plaintiff,

v.

WHATCOM COUNTY JAIL, et al.,

Defendants.

CASE NO. C15-0299JLR

ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Before the court is Defendants Whatcom County Jail ("the County") and Kyle O'Connor's motion for summary judgment (Mot. (Dkt. #37)). Plaintiff Eric Dwayne Ventress has not filed an opposition to the motion. (*See* Dkt.) The court has considered the motion, the balance of the record, and the relevant law. Being fully advised,[1] the

[1] Defendants have requested oral argument (*see* Mot. at 1); however, the court finds oral argument unnecessary for the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

court GRANTS Defendants' motion for summary judgment and DISMISSES this case WITH PREJUDICE.

## II. BACKGROUND

Mr. Ventress filed a civil rights complaint under 42 U.S.C. § 1983 on February 27, 2015. (Compl. (Dkt. # 5) at 1.) He alleges that Mr. O'Connor, a former corrections officer for the County, sexually assaulted him "on or around August 6, 2014," during the course of a strip search at the county jail. (*Id.* at 4; *see* O'Connor Decl. (Dkt. # 37-3) ¶ 2.) Mr. Ventress further alleges that he filed a tort claim "on January 13-15" but the County denied it in an attempt to cover up the assault. (Compl. at 4.) He requests punitive damages in the amount of $1,500,000.00. (*Id.* at 5.)

Mr. O'Connor attests that he was on military leave from August 2, 2014, through August 12, 2014, during which time he did not work at the jail. (O'Connor Decl. ¶ 5.) He attests that he never performed a strip search on Mr. Ventress. (*Id.* ¶ 4.) The County's records of Mr. O'Connor's activities likewise reveal no strip search performed on Mr. Ventress. (*See* Jones Decl. (Dkt. # 37-2) ¶¶ 2-3, 5, Ex. 1; O'Connor Decl. ¶ 3.) In addition, those records confirm that Mr. O'Connor was on military leave and not present at the jail between August 2, 2014, and August 12, 2014. (*See id.* ¶¶ 2-3, 6, Ex. 2.)

On December 15, 2015, Defendants filed the present motion for summary judgment. (*See* Mot. at 1.) Defendants argue that summary judgment is appropriate on the claims against Mr. O'Connor because the evidence shows that Mr. O'Connor never performed a strip search on Mr. Ventress and was not present at the jail on the day when the alleged assault took place. (*See id.* at 8.) Defendants argue that summary judgment is

appropriate on the claims against the County because Mr. Ventress has no evidence that a policy or custom of the County caused his alleged injury. (*See id.* at 9-10.) Mr. Ventress has filed nothing in opposition. (*See* Dkt.) Defendants' motion is now before the court.

## III. DISCUSSION

### A. Legal Standards

1. Summary judgment

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. Of L.A.*, 477 F. 3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the nonmoving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. In determining whether the fact-finder could reasonably find in the nonmoving party's favor, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

//

//

2. Mr. Ventress's failure to respond

Mr. Ventress failed to file a response to Defendants' motion for summary judgment. (*See* Dkt.) Local Civil Rule 7(b)(2) states in part that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Nevertheless, summarily granting judgment to Defendants would be improper given the Ninth Circuit's view "that a non-moving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56). Thus, heeding the requirements of *Martinez*, the court will analyze Defendants' motion for summary judgment on the merits.

At the same time, however, the court cannot entirely overlook Mr. Ventress's non-compliance with its Local Civil Rules. Where Defendants have met their burden of demonstrating an absence of material factual issues for trial, the court cannot create an issue for Mr. Ventress where he has not submitted any countervailing evidence. The fact that Mr. Ventress is appearing pro se does not alter the applicability of these general summary judgment rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (noting that although the court construes pleadings liberally in their favor, pro se litigants "must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012); *Semper v. JBC Legal Grp.*, No. C04-2240L, 2005 WL 2172377, at *1 (W.D. Wash. Sept. 6, 2005). Accordingly, although Mr. Ventress is appearing pro se, the court is obligated to hold

him to the same standards as it would any other non-moving party on a motion for summary judgment. Defendants bear the initial burden of showing there are no material factual disputes: if they do so, the court is not required to create disputes where there is no contrary evidence and may grant summary judgment in Defendants' favor.

3. Section 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of Section 1983 is satisfied only if the plaintiff demonstrates that the defendant performed an affirmative act, participated in another's affirmative act, or omitted to perform an act which the defendant was legally required to do that caused the complained of deprivation. *Arnold v. IBM, Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

A local government unit or municipality can be sued as a "person" under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under Section 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to impose liability on a municipality under Section 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

//

//

**B. Analysis**

Mr. Ventress alleges in his complaint that Mr. O'Connor sexually assaulted him during a strip search and that the County covered it up. (*See* Compl. at 4.) He presents no evidence, however, to support these allegations. Furthermore, the evidence submitted in support of Defendants' motion establishes that Mr. O'Connor was on military leave between August 2, 2014, and August 12, 2014, and as such was not at the jail on August 6, 2014, when the assault allegedly occurred. Defendants' evidence also establishes that Mr. O'Connor never strip searched Mr. Ventress during the former's employment at the jail. Regarding the claims against the County, Defendants are correct that Mr. Ventress has offered no evidence from which a jury could conclude that any policy or custom of the County caused Mr. Ventress to suffer an injury. Accordingly, summary judgment is appropriate on all of Mr. Ventress's claims.

## IV. CONCLUSION

Defendants have met their burden in support of their motion for summary judgment. Mr. Ventress has offered no evidence in opposition to the motion. For this reason, the court GRANTS Defendants' motion for summary judgment (Dkt. # 37) and DISMISSES this matter WITH PREJUDICE.

Dated this 18th day of January, 2016.

JAMES L. ROBART
United States District Judge